# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0960V
### Filed: November 10, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FLORA ADLER, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Prevnar 13 Vaccine; Shoulder Injury |
| v. | * | Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| SECRETARY OF HEALTH | * | ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*David P. Murphy, Esq., Greenfield, IN, for petitioner.*
*Gordon E. Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On August 8, 2016, Flora Adler ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury as a result of receiving the Prevnar 13 vaccine on June 22, 2015. Am. Pet. at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 10, 2016, respondent filed a Rule 4(c) Report in which she concedes that petitioner is entitled to compensation in this case. Rule 4(c) Rep. at 1. Specifically, respondent stated that the evidence establishes that petitioner's injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that the injury was caused-in-fact by the Prevnar 13 vaccine she received on June 22, 2015.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 3.  Additionally, respondent stated that no other causes for petitioner's SIRVA were identified, and that all statutory and jurisdictional requirements have been met, including having suffered the condition for more than six months.  *Id.*  Thus, respondent concludes that entitlement to compensation is appropriate under the terms of the Vaccine Act.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master